In the Matter of the Accounting of EMPIRE TRUST COMPANY et al., as Executors of JACOB BLACKMAN, Deceased.

Surrogate's Court, Bronx County, February 11, 1947.

*Herman S. Axelrod* and *Maitland M. Axelrod* for petitioners.

*Alfred Englander* for Jewish Child Care Association of New York, objectant.

*John A. McEveety* special guardian for Susan Blackman and another, infants.

*Ralph B. Sussman* for Home for Aged and Infirm Hebrews of New York, objectant.

*John L. Bernstein* for Hebrew Sheltering and Immigrant Aid Society of America (**Hias**), objectant.

*Benjamin Levine* for Premo Pharmaceutical Laboratories, Inc., objectant.

HENDERSON, S. The referee has reported upon the several questions referred. Modification of the report is requested upon one of the matters determined. This question involves the rights of certain charities which are the beneficiaries of a specific legacy in paragraph " 3." of the will.

Paragraph " 3." reads: " I give and bequeath unto the following institutions the sums set opposite their names: (eight bequests follow) \* \* \* The legacies provided for in this paragraph and aggregating the sum of $5,000.00 are to be paid exclusively from the proceeds of a life insurance policy on my life issued by the Mutual Benefit Life Insurance Company of New Jersey bearing policy #2025896, which is made payable to the executors of my estate. If, for any reason whatsoever, such proceeds shall not be available or shall be uncollectable, in whole or in part, then the above legacies shall lapse or abate pro rata between them."

The decedent died on January 27, 1944. His will is dated March 10, 1942. The policy mentioned in paragraph " 3." was in full force at the time of his death. At that time he also had four other policies payable to beneficiaries named therein aggregating $19,500.

On February 6, 1942, the decedent borrowed $4,700 from a bank. The loan had not been repaid at the time of his death. The five policies above mentioned and one upon the life of the testator's widow in the face amount of $1,000 were assigned to the bank as collateral security for the loan.

After the death, the bank satisfied the decedent's note by deducting $4,710.18 from the proceeds of the policy referred to

in paragraph " 3." of the will. The balance remaining, $338.94, was turned over to the executors. The beneficiaries of the other policies on the decedent's life were paid in full.

The learned referee has reached the conclusion that the eight bequests in paragraph " 3." of the will abate and that only the balance of $338.94 left after deducting the decedent's indebtedness to the bank from the proceeds of the policy mentioned in paragraph " 3." is applicable to the payment of these legacies. He stresses the broad language of the last sentence of that paragraph.

Can it be said that the proceeds of this policy were not available or not collectible in whole or in part? The estate would have been entitled to the full amount of the policy upon the payment of the note.

Section 20 of the Decedent Estate Law provides: " * * * Where such personal property specifically bequeathed has been made subject to any lien, mortgage or pledge with other personal property, the specifically bequeathed property shall bear its proportionate share of the total lien, mortgage or pledge."

There were six policies of insurance pledged as collateral for the payment of the loan. There is no indication that the testator desired the loan paid from the proceeds of a particular policy or indeed from any of the policies used as collateral. The executors urge *Matter of Hohn* (180 Misc. 384) as authority for their contention that the note should be paid from the proceeds of the policy payable to the estate. In that case there was a direction in the will that the legacy was to be " less loan against this particular policy. (Loan $6,000)." The court there said at pages 392–393: " The loan made by a bank was actually made on the security not only of this policy but of two other policies which were specifically bequeathed to other persons. In view of the direct command of the testator, however, the loan must be charged against the proceeds of the single policy given to Hans Hohn. Because of this mandate, the primary provisions of section 20 of the Decedent Estate Law, which would subject all three policies to an equitable contribution to the satisfaction of the loan, have no application since the testator had otherwise directed. The direction in the will expressly declared the manner in which the loan was to be paid and the alternative provisions of section 20 therefore apply."

A specific legacy may only be adeemed during the lifetime of the testator. Upon his death, the right of such a legatee becomes fixed. Under its assignment the bank might satisfy its lien up to the amount of the indebtedness from any one or more of the

policies it held as collateral, but such action could not affect the rights of the beneficiaries and legatees in respect to each other or as against the estate. The fact that the beneficiaries named in the insurance policies cannot be required to contribute toward the payment of the note (*Chamberlin* v. *First Trust & Deposit Co.*, 172 Misc. 472; *Matter of Reinhold,* N. Y. L. J., Feb. 28, 1942, p. 896, col. 3) does not increase the liability of the specific legatees.

The rule set forth in section 20 of the Decedent Estate Law is here applicable, for in my opinion, no language in the will indicates any intention on the part of the testator to deduct the amount of his indebtedness to the bank from their legacies. The amount of the prorata share which, with the other prorated collateral, would satisfy the note, may be deducted from the proceeds of the policy specifically bequeathed. In arriving at the amount of the abatement, the sum received from the other policies on the decedent's life must be considered and the cash surrender value of the policy on the life of the decedent's widow at the time of his death. The claim for interest will be allowed. The referee's report will be modified accordingly. As so modified, it is confirmed.

Settle order.